UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Rita Cox,

    Plaintiff,

v.                                       Case No. 13-10069

U.S. Bank National Association, *et al.*,     Honorable Sean F. Cox

    Defendants.
_____/

**OPINION & ORDER
DISMISSING PLAINTIFF'S COMPLAINT WITH PREJUDICE
AND ORDERING COUNSEL TO APPEAR FOR SHOW CAUSE HEARING
REGARDING SANCTIONS**

This action is yet another instance wherein Plaintiff's Counsel, attorney Emmett Greenwood, has filed his standard "cookie-cutter" complaint, on behalf of an individual who has lost a home to foreclosure, that fails to state any claim upon which relief may be granted. The matter is currently before the Court on Defendants' Motion to Dismiss. The Court finds that oral argument would not aid the decisional process. *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan. The Court therefore orders that the motion will be decided upon the briefs. For the reasons below, this Court shall GRANT Defendants' motion and shall dismiss this action with prejudice.

In addition, this Court shall hold a Show Cause Hearing on March 5, 2013, at 2:00 p.m., at which time Mr. Greenwood shall appear and show cause why this Court should not sanction him, pursuant to: 1) Fed. R. Civ. P. 11(b), for filing and continuing to pursue claims that are not warranted by existing law or by a nonfrivolous argument for extending, modifying or reversing existing law or for establishing new law; and 2) Fed. R. Civ. P. 11(b) and/or 28 U.S.C. § 1927,

1

for pursuing claims for the improper purpose of causing unnecessary delay and needlessly increasing the cost of litigation. Defense Counsel shall also appear for the Show Cause Hearing and shall submit to the Court an itemized statement of all costs and attorney fees they have incurred in this action, along with supporting documentation.

## BACKGROUND

As the Honorable Patrick J. Duggan recognized last year, "Plaintiff's counsel, Emmett Greenwood, appears to be surviving in this economy by filing lawsuits on behalf of individuals who have lost their homes to foreclosure." *Saroki v. Bank of New York Mellon*, 2012 WL 5379169 at *1 (E.D. Mich. Oct. 31, 2012).[1] Judge Duggan further explained that "[u]nfortunately for the individuals he represents, Mr. Greenwood has filed the identical cookie-cutter complaint in every case (at least those filed in the last year) and the judges in this District consistently have held that the complaint fails to state a claim upon which relief may be granted." Judge Duggan further noted that Mr. Greenwood also has a pattern of filing the identical brief in response to Defendants' motions to dismiss. *Id*. at *1 n.1.

This is the second such case filed by attorney Emmett D. Greenwood that has been recently assigned to the undersigned.

The first was Civil Action Number 12-14599. Mr. Greenwood filed that action in state court and Defendants removed it to this Court on October 17, 2012.

Then, beginning at least as early as November 9, 2012, Chief Judge Gerald Rosen began issuing show cause orders in several cases pending before him, requiring Mr. Greenwood to

---

[1] As of the date of Judge Duggan's opinion in *Saroki,* Mr. Greenwood had filed more than fifty cases in this District (or which had been removed to this District from state court) on behalf of such individuals.


show cause why those actions should not be dismissed and to show cause why he should not be sanctioned for his conduct pursuant to Fed. R. Civ. P. 11. (*See, e.g.* D.E. No. 5 in Case No. 12-12589, D.E. No. 5 in Case No. 12-14149, D.E. No. 5 in Case No. 12-11996, D.E. No. 5 in Case No. 12-12965). In no uncertain terms, Chief Judge Rosen advised Mr. Greenwood that he was considering imposing sanctions against him for having filed complaints and briefs lacking factual support and not warranted by existing law or by any nonfrivolous argument for extending or modifying existing law, in violation of Fed. R. Civ. P. 11(b).

On January 3, 2013, Defendant filed a "Motion to Dismiss Pursuant to FRCP 12(b)(6) And/Or Motion For Summary Judgment Pursuant To FRCP 56" in Case No. 12-14599. On January 8, 2013 – *after* Mr. Greenwood was on notice that Chief Judge Rosen was considering Rule 11 sanctions for his having filed "cookie-cutter" complaints and response briefs without factual or legal support in several cases in this district – Mr. Greenwood filed a response brief opposing Defendant's Motion in Case No. 12-14599. Notably, that response brief was virtually[2] identical to the response briefs he has filed in other cases. (*See, e.g.* D.E. No. 9 in Case No. 12-11996).

In an Opinion & Order issued on January 15, 2013, this Court dismissed the claims asserted in Case No. 12-14599. (*See* Docket Entry No. 9 in Case No. 12-14599). This Court's Opinion & Order also contained the following warning and directive to Mr. Greenwood:

> The Court notes that Mr. Greenwood's actions in this case would normally prompt this Court to issue an order directing him to show cause why the Court should not impose Rule 11 sanctions against him. The Court elects not do to so at this time, however, given that Chief Judge Rosen is currently in the process of

---

[2]The brief filed by Mr. Greenwood had a different font than the brief filed in Case No. 12-11996 and included additional spacing errors.

>evaluating whether sanctions should be imposed against Mr. Greenwood for his conduct in filing several similar cases.  Nevertheless, IT IS ORDERED that Mr. Greenwood is directed to re-evaluate any other actions that he currently has pending before the undersigned, to determine whether each claim asserted in those actions has an arguable basis in fact and law.  If Mr. Greenwood continues to pursue claims without an arguable basis in fact or law, this Court will not hesitate to impose sanctions.
>            IT IS SO ORDERED.

(*Id*. at 10).

At the time that this Court issued its January 15, 2013, Opinion & Order in Case Number 12-14599, this case, Civil Action Number 13-10069, was pending before the undersigned.  Mr. Greenwood had filed that action on behalf of Plaintiff Rita A. Cox in state court, using his same cookie-cutter complaint.

Like the complaints filed in other cases by Mr. Greenwood, Plaintiff's Complaint includes remarkably few factual allegations.  Plaintiff identifies the property that is the subject matter of this action as 1699 Graefield Unit 112, Birmingham, Michigan 48009 ("the Property").

Without providing any further detailed factual allegations, Plaintiff alleges that: 1) "Plaintiffs [sic] claim as [sic] interest in the above-described property as follows: Fee Simple Absolute by way of an executed Warranty Deed"; 2) "That the Plaintiff purchased the subject property, and the Plaintiff is currently residing in the subject property"; 3) "That the Plaintiff, attempted to get a loan modification and/or negotiate in good faith a settlement for the subject property"; 4) "That a Sheriff Sale was held July 17, 2012"; 5) "That since the Sheriff Sale the Plaintiff and their representatives have attempted in good faith to continue with the Settlement process to no avail"; 6) "That the redemption period for the Sheriff Sale has expired"; and 7) "that Defendant [sic]

must be ordered to continue the processing of the Loan Modification and/or negotiate in good faith a settlement on the subject property so that the Plaintiff can enter into a Loan Modification." (Pls.' Am. Compl. at ¶¶ 4-12).

Defendants removed the matter to this Court and, on January 15, 2013, Defendants filed a Motion to Dismiss.

On January 22, 2013, this Court issued an Order in this action stating:

> **IT IS ORDERED** that this Court shall hold a **Mandatory Status Conference** in this matter on **February 5, 2013 at 3:00 p.m.** In addition to Defense Counsel and Plaintiff's Counsel (Mr. Greenwood), Plaintiff Rita Cox shall also appear for the conference.
> **IT IS FURTHER ORDERED** that Plaintiff's Counsel shall carefully review Docket Entry No. 9 in Civil Action Number 12-14599 before appearing for the Mandatory Status Conference or filing any response to the pending motion.
> **Plaintiff and Plaintiff's Counsel are cautioned that failure to appear for the Mandatory Status Conference may result in sanctions, including the dismissal of this action with prejudice.**

(Docket Entry No. 4) (bolding in original). Later that same day, Mr. Greenwood filed a response to Defendants' Motion to Dismiss. (Docket Entry No. 5). Unbelievably, the response brief filed by Mr. Greenwood on January 22, 2013, in this case is the same as the response brief he filed in Case No. 12-14599.

On February 5, 2013, Mr. Greenwood appeared for the Mandatory Status Conference in this matter. Although this Court ordered Plaintiff to personally appear for that conference, and Mr. Greenwood states that he advised Plaintiff that she was required to appear, Plaintiff did not appear for the hearing.

## ANALYSIS

**I.   The Court Shall Dismiss The Complaint In This Action With Prejudice.**

Defendants' motion seeks dismissal of all of Plaintiff's claims, on multiple grounds. Given that the complaint filed by Mr. Greenwood in this action is virtually identical to the complaints he has filed in numerous cases in this district that have all been dismissed for failure to state a claim upon which relief may be granted, it should come as no surprise that the Court finds Plaintiff has failed to state a claim here.

### A.   Quiet Title

Count I of Plaintiff's Complaint asserts a quiet title claim. Where a plaintiff seeks to quiet title to property, he or she has the burden of proof and must make out a prima facie case of title to the property. *Beaulah Hoagland Appleton Qualified Pers. Residence Trust v. Emmet Cnty. Rd. Comm'n,* 236 Mich.App. 546, 550 (1999). Under Michigan law, a complaint seeking to quiet title to property must allege: 1) the interest the plaintiff claims in the premises; 2) the interest the defendant claims in the premises; and 3) the facts surrounding the superiority of the plaintiff's claim. *Kelly v. Fifth Third Bank*, 2012 WL 4900561 (Mich.App. Oct. 16, 2012); *see also* MCR 3.411.

Plaintiff's complaint fails to do so. Plaintiff's Complaint names four corporate entities as Defendants but contains no factual allegations whatsoever regarding any of the various Defendants' claimed interests in the Property.

Accordingly, the Court shall dismiss Count I.

### B.   Unjust Enrichment

Count III of Plaintiff's Complaint asserts an unjust enrichment claim. As explained in

*Saroki*:

> To plead a claim of unjust enrichment under Michigan law, a plaintiff must establish that the defendant received and retained a benefit from the plaintiff, resulting in an inequity. *Fodale v. Waste Mgmt. of Michigan, Inc*., 271 Mich.App. 11, 36, 718 N.W.2d 827, 841 (2006). Michigan courts then will imply a contract to prevent the defendant from being unjustly enriched. *Id*. However, courts will not imply a contract where there is an express contract governing the subject matter. *Id.*

*Saroki, supra*, at *4.

Defendants' motion contends that Plaintiff fails to state an unjust enrichment claim because there is an express contract, a mortgage attached as Exhibit A to Defendant's motion, that establishes the rights and obligations of the parties relative to the Property, including any right to foreclose in the event of non-payment in accordance with the note. Plaintiff's response brief does not address or dispute this ground for relief. (*See* Pl.'s Br. at 3).

Accordingly, the Court shall dismiss Count III with prejudice.

### C. Breach of Implied Agreement/Specific Performance

Like the complaint in *Saroki,* Plaintiff's Complaint contains a count titled "Breach of Implied Agreement/Specific Performance" (Count IV). In this count, Plaintiff seeks an order requiring an unidentified Defendant to continue processing an alleged loan modification or negotiate a settlement so that Plaintiff can keep possession of the Property. In essence, Plaintiff is "asking the Court to find an implied agreement requiring Defendant to modify the loan or make some other agreement enabling [them] to maintain possession." *Saroki, supra*, at * 5.

Under Michigan law, a "contract is implied in fact where the intention as to it is not manifested by direct or explicit words between the parties, but is to be gathered by implication or proper deduction from the conduct of the parties, language used or things done by them, or other

pertinent circumstances attending the transaction." *Erickson v. Goodell Oil Co.*, 384 Mich. 207, 212, 180 N.W.2d 798, 800 (1970). Like the plaintiff in *Saroki*, Plaintiff alleges no facts implying that she and any Defendant entered into an agreement to modify a loan. *Saroki, supra,* at * 5.

In addition, this claim also "fails because, under Michigan's statute of frauds, any alleged promise by a financial institution to modify the terms of a loan must be reduced to writing to be enforceable. *See* Mich. Compiled Laws § 566.132(2); *Crown Tech. Park v. D&N Bank, FSB*, 242 Mich.App. 538, 550, 619 N.W.2d 66, 72 (2000) (interpreting Section 566.132(2) as precluding any claim – 'no matter its label – against a financial institution to enforce the terms of an oral promise to [make a financial accommodation].')" *Saroki, supra*, at *5.

Accordingly, this Court shall dismiss Count IV.

### D. Violation of M.C.L. § 600.3205c

Like the plaintiff in *Saroki,* in Count V of Plaintiff's Complaint, Plaintiff lists the requirements of Mich. Comp. Laws § 600.3205c and then merely alleges that "Defendants have failed to follow MCL 3205 (c) in that the Defendants have failed to modify Plaintiff's mortgage." (Pl.'s Compl at ¶ 38). Plaintiff has therefore not pled sufficient facts to establish a violation of the statute. *Saroki, supra*, at *6.

Accordingly, this Court shall dismiss Count V.

### E. Assignment Of The Mortgage Without The Note

As mentioned above, in filing the complaint in this action, Mr. Greenwood added an additional count to his standard cookie-cutter complaint – Count II "Assignment of the Mortgage Without the Note."

Although Defendants' motion challenged this claim on several grounds, because Mr. Greenwood filed his standard cookie-cutter response brief in response to the motion, he did not address or dispute any of the challenges to this additional claim. Thus, Plaintiff does not dispute that this claim should be dismissed.

Accordingly, the Court shall dismiss this Count II.

## II. This Court Shall Hold A Show Cause Hearing Regarding Sanctions On March 5, 2013.

As stated on the record on February 5, 2013, this Court concludes that Mr. Greenwood has violated this Court's Order in Case Number 12-14599, wherein this Court **"ORDERED that Mr. Greenwood is directed to re-evaluate any other actions that he currently has pending before the undersigned, to determine whether each claim asserted in those actions has an arguable basis in fact and law. If Mr. Greenwood continues to pursue claims without an arguable basis in fact or law, this Court will not hesitate to impose sanctions."**

Despite being expressly warned by the undersigned, and warned and sanctioned by other judges in this Court, Mr. Greenwood has continued to file and pursue claims that are not warranted by existing law or by any nonfrivolous argument for extending, modifying or reversing existing law or for establishing new law. And it appears that he is filing actions such as this one for the improper purposes of causing unnecessary delay in these actions and related state-court eviction proceedings and needlessly increasing the cost of litigation for Defendants.

This Court shall hold a Show Cause Hearing on March 5, 2013, at 2:00 p.m., at which time Mr. Greenwood shall appear and show cause why this Court should not sanction him, pursuant to: 1) Fed. R. Civ. P. 11(b), for filing and continuing to pursue claims that are not

9

warranted by existing law or by a nonfrivolous argument for extending, modifying or reversing existing law or for establishing new law; and 2) Fed. R. Civ. P. 11(b) and/or 28 U.S.C. § 1927, for pursuing claims for the improper purpose of causing unnecessary delay and needlessly increasing the cost of litigation.  Defense Counsel shall also appear for the Show Cause Hearing and shall submit to the Court an itemized statement of all costs and attorney fees they have incurred in this action, along with supporting documentation.

## CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that Defendants' Motion to Dismiss is GRANTED and Plaintiff's claims are DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that the Court shall hold a Show Cause Hearing on **March 5, 2013, at 2:00 p.m.** at which time Mr. Greenwood shall show cause why this Court should not sanction him, pursuant to: 1) Fed. R. Civ. P. 11(b), for filing and continuing to pursue claims that are not warranted by existing law or by a nonfrivolous argument for extending, modifying or reversing existing law or for establishing new law; and 2) Fed. R. Civ. P. 11(b) and/or 28 U.S.C. § 1927, for pursuing claims for the improper purpose of causing unnecessary delay and needlessly increasing the cost of litigation.

IT IS FURTHER ORDERED that Defense Counsel shall appear for the Show Cause Hearing and shall submit to the Court an itemized statement of all costs and attorney fees they have incurred in this action, along with supporting documentation.

IT IS SO ORDERED.

<div style="text-align:right">

S/Sean F. Cox
Sean F. Cox
United States District Judge

</div>

Dated:  February 8, 2013

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Rita Cox,

    Plaintiff,

v.	Case No. 13-10069

U.S. Bank National Association, *et al.*,	Honorable Sean F. Cox

    Defendants.
_____/

## PROOF OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 8, 2013, by electronic and/or ordinary mail.

                        S/Jennifer McCoy
                        Case Manager